# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **VALERIE JEAN BURGESS, individually** ) | |
| **and on behalf of all others similarly situated,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil No. 3:16-cv-1655 |
| ) | Judge Aleta A. Trauger |
| **WESLEY FINANCIAL GROUP, LLC,** ) | |
| **CHUCK MCDOWELL, CHARLES W.** ) | |
| **MCDOWELL IV, and JON BROWNING,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM

The plaintiff has filed a Motion for Conditional Certification of a Collective Action (Docket No. 16), to which the defendants have filed a Response (Docket No. 20), and the plaintiff has filed a Reply (Docket No. 23). For the reasons stated herein, the motion will be granted in part and denied in part.

## BACKGROUND & PROCEDURAL HISTORY

Wesley Financial Group, LLC ("WFG") is Tennessee limited liability company that, for a fee, assists individuals in adjusting or cancelling their ownership interests in timeshares. (Docket No. 1 ¶¶ 9, 10.) The plaintiff, Valerie Jean Burgess, worked for WFG for several weeks in early 2016 as a Sales Representative,[1] meaning that she called prospective customers to determine

---

[1] According to Ms. Burgess, the parties agreed during an initial case management conference on September 1, 2016 that the term "Sales Representative" is defined "as any person who worked at [WFG] whose primary job duties included calling prospective customers regarding a timeshare ownership or 'points' ownership, and excludes managerial or executive employees." (Docket No. 16, p. 1 n.1.) The defendants have not objected to this definition of the term "Sales Representative," and the court will proceed with the term as Ms. Burgess has defined it.

1

whether they were interested in engaging WFG to assist in cancelling, or modifying the terms of, a timeshare contract. (*Id.* ¶¶ 60–65.) On March 23, 2016, Ms. Burgess was terminated from her position as Sales Representative, allegedly without ever having received any compensation from WFG for her work. (*Id.*) On July 1, 2016, Ms. Burgess filed this action pursuant to § 216(d) of the Fair Labor Standards Act ("FLSA") on behalf of herself and all other Sales Representatives, naming WFG and some of its officers as defendants and alleging that they had failed to pay Sales Representatives required minimum wage and overtime pay for all hours that they worked. (*Id.* ¶ 2.)[2] Joining Ms. Burgess in her claims against WFG is another former Sales Representative, Drew Middleton, who has authorized the filing and prosecution of this action on his behalf. (Docket No. 1-2 (Consent Form).) On September 1, 2016, WFG filed an Answer, representing that all Sales Representatives – including Ms. Burgess – were properly classified as "independent contractors" and thereby exempt from the minimum wage and overtime pay provisions of the FLSA. (Docket No. 11 ¶¶ 45–47, 60.)[3]

On October 14, 2016, Ms. Burgess filed the instant Motion for Conditional Certification (Docket No. 16), accompanied by a supporting Memorandum (Docket No. 17) and a Proposed Notice and Consent Form (Docket No. 16-1). Ms. Burgess seeks conditional certification of this case on behalf of all individuals "who, at any time since July 1, 2013, were employed or hired as, or held the position of[,] 'Sales Representative' at [WFG]." (Docket No. 16, p. 1.) In the

---

[2] Ms. Burgess has also alleged collective claims under Tennessee law, but these claims are not pertinent to the pending motion and, therefore, will not be considered here. (Docket No. 1 ¶¶ 91–138 (asserting class claims pursuant to Federal Rule of Civil Procedure 23 for unjust enrichment, conversion, and violations of Tennessee statutory law).)

[3] Ms. Burgess claims that she was never told, nor did she sign any agreement stating, that she was an independent contractor but, rather, was told that she was an employee of WFG. (Docket No. 16-2 ¶ 8.)

motion, Ms. Burgess further requests that the court (1) require the defendants, within 20 days of entry of an order conditionally certifying the class, to provide her with the names, last known addresses, and e-mail addresses for all potential class members; (2) direct the issuance of her Proposed Notice and Consent Form to all potential class members by mail, email, and – for current Sales Representatives – with their next paycheck; and (3) "toll[] the statute of limitations with respect to the FLSA claims of the putative opt-in plaintiffs through the close of the period during which the putative opt-in plaintiffs may join this action." (*Id.* at pp. 2–3.)

The Memorandum argues that conditional certification of a class consisting of current and former Sales Representatives is appropriate because these individuals are "similarly situated" to Ms. Burgess, in that they all suffered from the same FLSA-violating pay practices and policies. (Docket No. 17, pp. 16–20.) As support for this argument, Ms. Burgess submits her own declaration and the declaration of Mr. Middleton, which describe their employment as Sales Representatives and the compensation they received for their work. (Docket Nos. 16-2 (Decl. V. Burgess), 16-3 (Decl. D. Middleton).) According to Ms. Burgess and Mr. Middleton, Sales Representatives are responsible for cold calling timeshare owners from lists provided by WFG to determine whether those individuals may be interested in WFG's timeshare cancellation services. (Docket No. 16-2 ¶ 5; Docket No. 16-3 ¶ 8.) Sales Representatives are given training by WFG on what to say during these calls – including a script to follow – and instructed to forward individuals interested in timeshare cancellation or modification to a WFG manager. (Docket No. 16-2 ¶ 5; Docket No. 16-3 ¶ 8.) Interested individuals who ultimately engage WFG for assistance in cancelling or modifying a timeshare are charged a fee for that service. (Docket No. 16-2 ¶ 5; Docket No. 16-3 ¶ 8.)

Mr. Burgess and Mr. Middleton were both told that their compensation as Sales

3

Representatives would not be paid on an hourly or salary basis but, rather, would consist solely of a percentage of any fee generated from a timeshare owner whom they had successfully referred to WFG management. (Docket No. 16-2 ¶ 5; Docket No. 16-3 ¶ 8.) According to Ms. Burgess, she routinely worked six days per week for more than 8 hours per day, as did other Sales Representatives whom she observed in the office. (Docket No. 16-2 ¶¶ 10–11, 19.) During the approximately five weeks that she worked as a Sales Representative, Ms. Burgess states that she received no compensation whatsoever from WFG. (*Id.* ¶ 15.) Mr. Middleton states that he routinely worked four days per week for 8 hours per day – "stay[ing] later on a few occasions" – but received only a "few hundred dollars" from WFG for the month that he worked as a Sales Representative. (Docket No. 16-3 ¶ 12.) Finally, based on their observations of other Sales Representatives in the small office in which they worked and "what [they] heard" from others in the office, Ms. Burgess and Mr. Middleton represent that other Sales Representatives were compensated in the same manner – a percentage of fees generated – and worked hours similar to those worked by Ms. Burgess. (*Id.* ¶¶ 18, 20; Docket No. 16-2 ¶¶ 19, 21.)

On November 28, 2016, the defendants filed a Response in Opposition to the motion (Docket No. 20), which does not address Ms. Burgess's request for tolling of potential class members' claims or raise any objection to the form and content of the Proposed Notice and Consent Form. Rather, the Response argues that Ms. Burgess is not entitled to conditional certification of a class of current and former Sales Representatives, because she "has failed to show that she is similarly situated to even her additional opt-in [p]laintiff, Drew Middleton . . ., let alone to any other potential opt-in plaintiffs." (*Id.* at p. 1.) The defendants argue that Ms. Burgess and Mr. Middleton are not similarly situated because "[Ms. Burgess] alleg[es] that she is owed overtime pay," and "Mr. Middleton [does] not alleg[e] the same," which are

different theories of recovery subject to "different defenses." (*Id.* at p. 4.) Moreover, the defendants argue that Ms. Burgess has "failed to provide any proof that there are other potential class members willing to join her cause other than Mr. Middleton." (*Id.* at pp. 5–6.) Finally, the defendants assert that Ms. Burgess's proof that WFG's purportedly unlawful pay practices were consistently applied to other Sales Representatives consists of "nothing more than mere conclusory allegations," which is an insufficient basis for conditional certification of a class under the FLSA. (*Id.*)

On December 15, 2016, Ms. Burgess filed a Reply, in which she argues that she has satisfied her burden of making a "modest factual showing" that she suffered from the same FLSA-violating policy as other Sales Representatives: misclassification as independent contractors who were exempt from the FLSA's provisions. (Docket No. 23, pp. 3–5.) Ms. Burgess further argues that the Sixth Circuit has never required a named plaintiff in an FLSA suit to prove that a substantial number of potential class members are willing to join the suit before granting conditional certification. (*Id.* at pp. 4–5.) Finally, Ms. Burgess contends that the defendants' argument that her FLSA claim differs from that of Mr. Middleton – and, therefore, other potential class members – is properly raised in a motion to decertify the class at the end of discovery, not in opposition to a motion for conditional certification at the outset of the litigation. (*Id.* at p. 6 (citing *White v. MPW Indus. Servs. Inc.*, 236 F.R.D. 363, 373 (E.D. Tenn. 2006) ("[I]f after notice to the putative plaintiffs it appears that individual issues do, in fact, predominate, [the defendants] can move the [c]ourt to decertify the class.")).)

**STANDARD FOR CONDITIONAL CERTIFICATION**

The FLSA provides that a collective action "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees

5

similarly situated." 29 U.S.C. § 216(b). Because the statute only requires that employees be "similarly situated," plaintiffs seeking to certify a collective action under the FLSA face a lower burden than those seeking to certify a class action under Federal Rule of Civil Procedure 23. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). Once a collective action is certified, however, employees seeking to join the class must opt into the litigation by filing a written consent with the court. 29 U.S.C. § 216(b).

The FLSA does not define the term "similarly situated." The Sixth Circuit, however, has held that "plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *Gunn v. NPC Int'l, Inc.*, 625 F. App'x 261, 267 (6th Cir. 2015) (quoting *O'Brien*, 575 F.3d at 585). Employees may also be similarly situated if their claims are merely "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Monroe v. FTS USA, LLC*, 815 F.3d 1000, 1009 (6th Cir. 2016) (quoting *O'Brien*, 575 F.3d at 585).

## ANALYSIS

**I.     Conditional Certification**

Ms. Burgess has provided sufficient factual support to demonstrate that conditional certification of her FLSA claim is appropriate. As Ms. Burgess correctly notes, her request for conditional certification is subject to the standard that applies at the initial notice stage of a collective action under the FLSA, which requires only that she make a "modest factual showing" demonstrating that she and potential class members are "similarly situated." (Docket No. 17, pp.

15–17 (quoting *Comer*, 454 F.3d at 547).)[4]  The Sixth Circuit has repeatedly recognized that this standard is "fairly lenient" and "typically results in 'conditional certification' of a representative class."  *Comer*, 454 F.3d at 547 (quoting *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000)).  Moreover, it is important to note that "certification is conditional and by no means final" at the initial notice stage, and a plaintiff must show only that "his position is similar, not identical, to the positions held by the putative class members" to justify certification.  *Id.* at 546–47 (quoting *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)).

Ms. Burgess submitted her declaration and that of Mr. Middleton as proof that she and other Sales Representatives suffered from a single, FLSA-violating policy.  In the declarations, Ms. Burgess asserts that she routinely worked six days per week for more than 8 hours per day, and Mr. Middleton, that he routinely worked four days per week for 8 hours per day and occasionally had to "stay late[]."  (Docket No. 16-2 ¶ 11; Docket No. 16-3 ¶ 12.)  Nonetheless, Ms. Burgess received no pay for the five weeks that she worked as a Sales Representative, and Mr. Middleton received only "a few hundred dollars" in one month of work.[5]  According to Ms.

---

[4] Typically, courts employ a two-phase inquiry to address whether a named plaintiff is similarly situated to the proposed opt-in plaintiffs.  *Comer*, 454 F.3d at 546.  "The first [phase] takes place at the beginning of discovery.  The second occurs after all of the opt-in forms have been received and discovery has concluded."  *Id.*  A number of the cases cited by the defendants in support of their Response do not concern this first phase and are not, therefore, pertinent to the court's consideration of Mr. Burgess's request for conditional certification.  *See, e.g.*, *O'Brien*, 575 F.3d at 585 (considering a motion for decertification of a class *after* discovery was complete); *Jungkunz v. Schaeffer's Inv. Research, Inc.*, No. 1:11-cv-00691, 2014 WL 1302553, at *7 (S.D. Ohio Mar. 31, 2014) (considering a motion for certification of a class after some discovery had been completed, when courts will hold the plaintiff to a higher standard of proof, also known as a "modest 'plus' factual showing").

[5] If the court assumes that Mr. Middleton received $500 as compensation for working 32 hours per week for four weeks, his average hourly wage would be less than $4.00, far below the federal minimum wage of $7.25 per hour.

7

Burgess and Mr. Middleton, they received so little because their compensation as Sales Representatives was not paid on an hourly or salary basis but, rather, consisted solely of a percentage of any fee generated from a timeshare owner whom they had successfully referred to WFG management. Moreover, Ms. Burgess and Mr. Middleton spoke with and observed other Sales Representatives, and they found that other Sales Representatives were compensated in the same manner – a percentage of fees generated – and worked hours similar to those worked by Ms. Burgess. At this stage in the proceedings, this modest factual showing is sufficient proof that Ms. Burgess and other Sales Representatives suffered from the same allegedly unlawful pay policy – a misclassification of Sales Representatives as independent contractors who were exempt from the provisions of the FLSA – and, therefore, meets the rather lenient standard governing conditional certification. *See, e.g.*, *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 767 (N.D. Ohio 2015) (concluding that declarations demonstrating that potential class members had the same primary duties and were subjected to the same payment practices, offered as "evidence of a company-wide plan of misclassification of [employees] . . . as exempt from overtime requirements," is sufficient to satisfy the "modest" burden for conditional certification).

The defendants oppose conditional certification of Ms. Burgess's FLSA claim because, they argue, she has failed to demonstrate that she is similarly situated to opt-in plaintiff Mr. Middleton, let alone to other potential class members. First, the defendants argue that Ms. Burgess and Mr. Middleton assert "different theories of damage" that would subject them to "different defenses," because Ms. Burgess has claimed that she is owed overtime pay, while Mr. Middleton has not claimed to have worked over 40 hours in a week. (Docket No. 20, p. 4.) The court does not find, however, that this factual difference between Ms. Burgess and Mr. Middleton is sufficient to render conditional certification inappropriate. At this stage, the court

does not determine whether all potential class members are similarly situated with respect to the damages that they might pursue. Rather, the court determines whether the plaintiff has made a modest factual showing that she and her potential class members "suffer from a single, FLSA-violating policy," and it grants conditional certification "when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *Gunn*, 625 F. App'x at 267; *see also Monroe*, 815 F.3d at 1009 (concluding that employees are similarly situated when their claims are merely "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct"). Here, Ms. Burgess has submitted evidence demonstrating that she, Mr. Middleton, and other Sales Representatives were subjected to a single, unlawful policy – WFG's misclassification of Sales Representatives as independent contractors – which violates the FLSA with regard to all potential class members, regardless of whether they worked hours sufficient to entitle them to overtime wages.[6]

The defendants also object to the proof that Ms. Burgess has submitted – or failed to submit – in support of her request for conditional certification. First, the defendants argue that Ms. Burgess's proof consists of "nothing more than mere conclusory allegations," which are insufficient to support a finding that she and other Sales Representatives are "similarly situated" to each other. (Docket No. 20, p. 3 (quoting *Mata v. Foodbridge, LLC*, No. 14 Civ. 8754, 2015 WL 3457293, at *2 (S.D.N.Y. June 1, 2015)).) This is not, however, a case in which the plaintiff has "provided no evidence of common treatment beyond . . . [her] unsupported beliefs, set forth in signed declarations," as the defendants claim it is. (*Id.* at p. 5 (quoting *Arrington v.*

---

[6] Moreover, to the extent that discovery reveals that the class should be limited to a subset of Sales Representatives based on their eligibility for overtime wages, such an argument is properly presented to the court in a motion to decertify the class, not at the conditional certification stage. *See Myers v. Marietta Mem'l Hosp.*, -- F. Supp. 3d --, 2016 WL 4376286, at *8 (S.D. Ohio Aug. 17, 2016).

*Mich. Bell Tel. Co.*, No. 10-10975, 2011 WL 3319691, at *6 (E.D. Mich. Aug. 1, 2011)).) Not only do the declarations submitted by Ms. Burgess and Mr. Middleton corroborate each other, but they also contain statements regarding "personal observations" of other representatives and conversations overheard at work,[7] demonstrating that Ms. Burgess and Mr. Middleton have some knowledge of the pay policies applied to Sales Representatives who worked similar hours and performed similar duties. (Docket No. 16-2 ¶¶ 19, 21; Docket No. 16-3 ¶¶ 18, 20.) These statements are not, therefore, "mere conclusory allegations," and they are sufficient to support a finding that Ms. Burgess and other Sales Representatives are "similarly situated" to each other. *See, e.g.*, *Petersen v. Cleveland Inst. of Art*, No. 1:08-cv-1217, 2011 WL 1230267, at *3–4 (N.D. Ohio Mar. 30, 2011) (finding that a named plaintiff's statements regarding the pay policies applied to, and hours worked by, other employees are sufficient to support conditional certification when based on "[f]irst-hand experience" and personal observation).

Finally, the defendants argue that conditional certification is not appropriate because Ms. Burgess has failed to demonstrate that other potential class members are willing to join her cause. This argument not only ignores the fact that Mr. Middleton has consented to join the suit, but also that "[t]he Sixth Circuit has never required evidence that others will opt in before the certification decision can be made." *Shipes v. Amurcon Corp.*, No. 10-14943, 2012 WL 995362, at *8–9 (E.D. Mich. Mar. 23, 2012). Ms. Burgess has presented evidence sufficient to meet the "lenient" standard for conditional certification, and the defendants have failed to present any

---

[7] These statements are arguably hearsay but, at the conditional certification stage, "the [c]ourt is not concerned with the admissibility of evidence; rather, it looks for 'some factual basis from which [it] can determine if similarly situated potential plaintiffs exist.'" *Rogers v. HCA Health Servs. of Tenn., Inc.*, No. 3:09-cv-1173, 2013 WL 3224026, at *2 (M.D. Tenn. June 25, 2013) (quoting *Dietrich v. Liberty Square, L.L.C.*, 230 F.R.D. 574, 577 (N.D. Iowa Aug. 29, 2005)).

10

evidence or advance any argument demonstrating that such certification is inappropriate at this early stage in the proceedings. Accordingly, the court will conditionally certify this matter on behalf of all individuals who, at any time since July 1, 2013, were employed or hired as, or held the position of, Sales Representative at WFG.

## II. Notice to Potential Class Members

Courts have the authority to supervise the issuance of notice in FLSA collective actions, with the objective of "manag[ing] the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *See Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Ms. Burgess has requested that the court exercise this authority to (1) require the defendants to provide her with the names, last known addresses, and email addresses of all individuals who worked as Sales Representatives for WFG since July 1, 2013, and (2) direct the issuance of her Proposed Notice and Consent Form to all potential class members by mail, email, and – for current Sales Representatives – with their next paycheck. (Docket No. 16, p. 3.)

WFG did not address these requests or raise any objection to them in its Response. The court has reviewed and hereby approves the Proposed Notice and Consent Form (Docket No. 16-1). The plaintiff shall issue the Notice and Consent Form, inserting only the necessary date(s) and correcting typographical errors.

## III. Equitable Tolling of Potential Class Members' Claims

Ms. Burgess has further requested that the court order that the statute of limitations be tolled with respect to the claims of putative class members during the notice period (Docket No. 16, p. 3), a request that the defendants did not address in their Response. In certain circumstances, the statute of limitations under the FLSA may be equitably tolled. *See, e.g.*,

11

*Myers v. Copper Cellar Corp.*, No. 3:95–CV–541, 1996 WL 766505, at *3 (E.D. Tenn. Sept. 27, 1996). However, at this juncture, the court does not find it appropriate to rule upon undeveloped statute of limitations issues. "If, at a later stage in this proceeding, [the defendants] advance[] an argument that certain claims are barred by the relevant statute of limitations, the plaintiff may (of course) advance an argument that equitable tolling should apply." *Miller v. Lebanon Golf & Country Club*, No. 3:14-cv-01099, 2014 WL 7359003, at *5 (M.D. Tenn. Dec. 23, 2014) (Trauger, J.); *see also Ware v. T-Mobile USA*, 828 F.Supp.2d 948, 956 (M.D. Tenn. 2011) (Trauger, J.) (declining to rule on an undeveloped statute of limitations tolling issue at the outset of FLSA collective action).

## CONCLUSION

For the reasons stated herein, the Motion for Conditional Certification of a Collective Action will be granted in part and denied in part. The court will (1) conditionally certify a collective action consisting of all individuals who, at any time since July 1, 2013, were employed or hired as, or held the position of, Sales Representative at WFG; (2) order the defendants to provide Ms. Burgess with the names, last known mailing addresses, and email addresses of all putative class members within 20 days; and (3) order the issuance of the Proposed Notice and Consent Form (Docket No. 16-1) – revised to include necessary date(s) and correct typographical errors – to putative class members.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge